**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 15, 2015*
Decided May 28, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 14-2833

| | |
|---|---|
| CARL J. McDANIEL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CV-1178 |
| MICHAEL MEISNER, et al., *Defendants-Appellees*. | Nancy Joseph, *Magistrate Judge*. |

**O R D E R**

Carl McDaniel, a Wisconsin inmate, was assaulted by his cellmate at Columbia Correctional Institution ("Columbia"). He was immediately transferred to Wisconsin Resource Center ("WRC"), a secure treatment facility. McDaniel later filed this action under 42 U.S.C. § 1983 and state law claiming that six defendants at Columbia failed to protect him from an assault and that two more defendants at WRC withheld necessary medical care. The district court (a magistrate judge presiding by consent) screened McDaniel's complaint, *see* 28 U.S.C. § 1915A, and permitted him to proceed with his Eighth Amendment and state tort claims. On the defendants' motion, the court

---

*After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

dismissed the entire action on the ground that McDaniel had not complied with the exhaustion requirement of 42 U.S.C. § 1997e(a). Because we hold that McDaniel exhausted his failure-to-protect claims, we remand those claims for further proceedings.

For purposes of this appeal, we accept as true the allegations in McDaniel's complaint. McDaniel was assaulted by his cellmate, Ryan Olson, at Columbia on March 8, 2012. Olson was known to be dangerous; he already had assaulted other inmates and staff at Columbia. A week before the March 8 incident, McDaniel alerted a prison psychiatrist that he feared for his safety because Olson was threatening him. The psychiatrist asked several Columbia administrators to move McDaniel into a single cell or to protective custody. McDaniel also wrote to the warden, deputy warden, and security director at Columbia, informing them of his concerns. His requests to be moved were denied. Olson severely beat McDaniel about the face, arms, ribs, and stomach when, at 3:30 a.m. on March 8, McDaniel asked Olson to lower the volume on his television. That same day, McDaniel was transferred to WRC. A physician and the infirmary manager at that facility refused to provide medical treatment for his injuries, including damage to his inner ear, which has left McDaniel with permanent hearing loss.

After his transfer to WRC, McDaniel submitted multiple grievances, four of which addressed the March 8 assault. In offender complaint number WRC-2012-5881, submitted on March 18, 2012, McDaniel complained about a history of abuse from inmates culminating in Olson's assault on March 8. McDaniel explained that his previous cellmate had assaulted him on December 13, 2011, and that he had been granted "pair with care" status. McDaniel then recounted that, at the beginning of March, he had been assigned to share a cell with Olson, whose history of violence was known to staff. The grievance states that McDaniel told a female physician, who visited him six days in a row, including the day before the assault, that Olson was a "'firecracker' with the fuse lit," and that he "needed out." The physician told McDaniel that psychological services could not give him the relief that he requested. The grievance then details his assault, alleging that he "suffered a beating so bad I can't remember the actual beating." At the top of the grievance form, McDaniel wrote "December 13, 2011" in the space marked "Date of Incident." The inmate complaint examiner (or "examiner") rejected the grievance with the explanation that McDaniel previously had submitted a grievance about the December 2011 assault. The reviewing authority characterized the examiner's decision as "appropriate."

McDaniel submitted offender complaint number WRC-2012-6510, his second grievance, on March 25, 2012. This grievance similarly recounts that McDaniel had been beaten by Olson after repeated requests to be moved for his safety. McDaniel wrote,

"Considering all the proper steps I took to prevent this[,] Staff still left me in a violent & 'Hands-Tied'…position." He stated that he "would like single (cell status) till further notice." The examiner rejected the grievance, stating: "Cell assignments [sic] decisions are made by the IUS and Treatment Team. Cell assignment is not within the scope of institution Complaint System." The examiner said nothing about the timeliness of the grievance. McDaniel promptly filed an administrative appeal emphasizing that the grievance "wasn't simply a complaint requesting a single cell" and that, instead, it "complained that I had been assaulted." Prison staff, he asserted, had been "very aware of the immediate threat to my safety and failed to reasonably respond." Their "level of deliberate indifference and reckless and hazardous negligence," he added, had constituted "an 8th Amendment violation" that should be "investigated fully." The reviewing authority upheld the rejection, stating that it was "appropriately rejected" as outside the scope of the complaint system.[1]

McDaniel's two remaining grievances alleged that he was denied medical care. In offender complaint number WRC-2012-14356, submitted on July 4, 2012, he stated that "[t]he health care [that he] received since arriving at WRC has been systematically inadequate at best." He references the "numerous health care requests [that he] submitted." The examiner rejected his grievance for failing to allege sufficient facts to indicate "how the treatment provided has effected [sic] his health," or to identify a specific incident. In offender complaint number WRC-2012-19687, submitted two months later, McDaniel specifically alleged that he did not receive appropriate medical care following the March 8 assault. The examiner rejected the grievance as untimely. The examiners' rejections of McDaniel's medical-care grievances were found appropriate by the reviewing authority.

The defendants moved for summary judgment on the sole ground that McDaniel had not exhausted his administrative remedies. The defendants maintained that McDaniel failed to exhaust the remedies for his failure-to-protect claims because the March 18 grievance listed December 13, 2011, as the "date of incident," and the remaining grievances were untimely. *See* WIS. ADMIN. CODE DOC § 310.09(6) (unless excused for good cause, inmate "shall file a complaint within 14 calendar days after the occurrence giving rise to the complaint"). The defendants submitted that McDaniel failed to exhaust his medical-care claims because he failed to allege sufficient facts in

---

[1] McDaniel also filed offender complaint number WRC-2012-6539, which was received on the same day as complaint number 6510. The grievance was denied because the issue previously had been addressed in complaints 6510 and 5881. On September 17, 2012, McDaniel submitted a fourth grievance, offender complaint number WRC-2012-19685, addressing his March 8 assault. The grievance was rejected as untimely.

complaint number 14356 and he filed complaint number 19687 more than fourteen days after the incident.

In granting summary judgment for the defendants, the district court accepted their contention that McDaniel failed to exhaust his claims. The district court reasoned that the examiner could not have been expected to associate the March 18 grievance with the assault by Olson on March 8, 2012, because it gives the date of incident as December 13. The court continued by explaining that, even if it were to look past the incorrect date, it could not "conclude that this offender complaint presented only one issue or that any one issue was clearly identified," as required by the Wisconsin Administrative Code. *See* WIS. ADMIN. CODE DOC § 310.09(1)(e). The court then concluded that the remainder of McDaniel's grievances "were indisputably submitted outside the 14 calendar day time limit and were rejected as untimely or as having been previously addressed."[2] The district court dismissed McDaniel's claims and the case without prejudice.[3]

On appeal, the defendants present substantially the same arguments. They submit that McDaniel failed to exhaust his administrative remedies and that his claims therefore are barred. McDaniel primarily maintains that the defendants withheld the reviewing authority's decision addressing his appeal of the March 18 grievance and that, because they prevented him from pursuing his appeal, the defendants are unable to rely on his failure to exhaust under 42 U.S.C. § 1997e(a). He also submits, however, that the examiners overlooked any procedural defects in his grievances and addressed their merits.

---

[2] Although it is not immediately clear from its order, we presume that the court included McDaniel's medical-care claims in its decision rejecting "the rest of McDaniel's offender complaints regarding his claims in this case." As previously discussed, McDaniel filed two grievances alleging that he did not receive adequate medical treatment at WRC (numbers 14356 and 19687). We agree with the defendants that complaint number 14356, which alleged an "ongoing" incident, was insufficient to alert the examiner to the nature of the wrong for which redress was sought. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Furthermore, the examiner rejected complaint number 19687, which referenced the March 8 assault, as untimely. Complaint number 6539, which the examiner rejected for raising an issue previously raised, did allege that a defendant "made medical judgments beyond his capacity causing undue pain & suffering." However, McDaniel does not name that defendant under his medical-care claims. Accordingly, the district court did not err by dismissing those claims based on McDaniel's failure to exhaust his administrative remedies.

[3] The district court did not address directly McDaniel's state-law claims. We note that the exhaustion requirements of the Prison Litigation Reform Act do not apply to state-law claims. *See* 42 U.S.C. § 1997e(a) (requiring exhaustion for actions brought under "section 1983 of this title, or any other *Federal* law" (emphasis added)). On remand, the district court will have the opportunity to consider those claims.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." We have adopted a "strict compliance approach" to the exhaustion requirement. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). We have explained, however, that a defendant's failure to exhaust his administrative remedies is forgiven, i.e., the exhaustion requirement is satisfied, if prison officials ignore a grievance's administrative failings and address its merits.[4] With these principles in mind, we now address McDaniel's administrative grievances in turn to determine whether he exhausted the available administrative remedies.

The district court decided that, by listing December 13, 2011, as the date of the incident, the March 18 grievance failed to adequately apprise the examiner of McDaniel's failure-to-protect claim related to the March 8 assault. Although Wisconsin requires that an inmate's grievance "clearly identify the issue," WIS. ADMIN. CODE DOC § 310.09(1)(e), the governing regulations do not require that the date of the incident be specified at the top of the grievance form. Where the regulations are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). It is clear that McDaniel's grievance satisfies that standard, and we cannot accept the district court's conclusion that an examiner would not have understood the March 18 grievance as addressing the March 8 assault. The grievance identified a history of abuse at the hands of cellmates and culminated by describing the March 8 assault. McDaniel explained that the defendants did nothing to protect him after he alerted them that Olson, his newly assigned cellmate, was dangerous. We are not persuaded by the defendants' argument that McDaniel's mistake in listing December 13, 2011, at the top of the form prevented them from understanding that McDaniel was seeking relief for the March 8 assault. Nor can we

---

[4] *See, e.g.*, *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits."); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("Consider once more the analogy to collateral attack: if a state court accepts a belated filing, and considers it on the merits, that step makes the filing 'proper' for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."). "[W]hen a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

accept the defendants' contention, made for the first time on appeal, that McDaniel did not timely appeal the rejection of this grievance. The record demonstrates that the reviewing authority addressed McDaniel's administrative appeal on the merits and said nothing about its being untimely.

The district court also determined that McDaniel failed to exhaust his March 18 grievance because it improperly included multiple issues. The examiner, however, did not reject the grievance on that ground. Instead, it rejected the grievance for raising an issue that it believed was "previously addressed." Although the examiner's decision may appear procedural at first blush, it was a merits-based determination premised on the examiner's interpretation of the grievance. It therefore was inappropriate for the court to enforce an administrative requirement not relied upon by the examiner. Accordingly, McDaniel sufficiently exhausted the available administrative remedies for his March 18 grievance.

McDaniel likewise exhausted the available remedies for his March 25 administrative grievance. Although McDaniel submitted the grievance more than fourteen days after the assault, the examiner passed over the question of timeliness. Instead, the examiner looked to the substance of the grievance and rejected it after determining that it requested relief that was outside the scope of the grievance system. McDaniel unsuccessfully appealed the grievance to the reviewing authority. He thus satisfied the requirement that he exhaust his administrative remedies, and the district court erred by determining independently that the grievance was untimely.

By providing prison officials with enough information to address the wrong for which he sought relief, McDaniel exhausted the administrative remedies available to him under Wisconsin's administrative procedures. Because neither the examiners nor the reviewing authority rejected McDaniel's grievances addressing the March 8 assault for failing to comply with the governing administrative procedures, the district court erred by failing to address the merits of McDaniel's claims. We VACATE the dismissal of McDaniel's claims that the defendants failed to protect him from the assault and REMAND for further proceedings.